**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4669

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GUY W. ESCUE, III,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:10-cr-00159-1)

Submitted:  December 7, 2011          Decided:  December 9, 2011

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guy W. Escue, III, pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to eighty-four months' imprisonment. In the plea agreement, Escue reserved the right to challenge the district court's denial of his motion to suppress evidence seized from his bedroom. Escue contends on appeal that the district court erred in denying the motion to suppress because his consent to search the bedroom was not voluntarily given. We affirm.

In reviewing the district court's denial of Escue's suppression motion, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied Escue's motion, we review the evidence in the light most favorable to the Government. Id. We also defer to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. This guarantee requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S.

2

386, 390 (1985).  There are, however, "a few specifically established and well-delineated exceptions" to this general rule.  California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks omitted).

With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying Escue's motion to suppress.  The record amply supports the district court's finding that Escue consented to the search of his bedroom.  Further, we conclude after review of the record that Escue voluntarily consented to the search. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 227 (1973) (recognizing that consent is an exception to the warrant requirement and that voluntariness of consent depends on the totality of the circumstances); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (listing factors appropriate for consideration in reviewing whether consent was voluntarily given).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3